IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ANGELA D. COURTWAY                                                    PLAINTIFF


v.                                          CIVIL NO. 21-3030


KILOLO KIJAKAZI,[1]  Acting Commissioner
Social Security Administration                                        DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Angela D. Courtway, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her current applications for DIB and SSI on March 15, 2019, alleging an inability to work since January 3, 2019, due to a thyroid problem, a pituitary tumor of the brain, fibromyalgia, anxiety and anemia.  (Tr. 70, 206, 213).  An administrative telephonic hearing was held on August 17, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 32-68).

---

[1] Kilolo Kijakazi, has been appointed to serve as Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

By written decision dated October 9, 2020, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 13). Specifically, the ALJ found Plaintiff had the following severe impairments: asthma, obesity, fibromyalgia, anemia, hypothyroidism, and pituitary adenoma. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 15). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b), with no climbing of ladders, ropes, or scaffolds. She can no more than occasionally climb ramps or stairs, balance, stoop, kneel, crouch, or crawl. The claimant can have no more than moderate exposure to fumes, odors, or gases; and no exposure to hazards. No driving or operation of dangerous machinery duties required.

(Tr. 16). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a price tag ticketer, and a routing clerk. (Tr. 19-20).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on March 22, 2021. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 17, 18).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the

Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

On appeal, Plaintiff argues that the ALJ erred by failing to develop the record. (ECF. No. 17). Defendant argues the ALJ had sufficient evidence to decide Plaintiff's capabilities during the time in question. (ECF No. 18). The Court has reviewed the entire transcript and the parties' briefs.

Plaintiff argues the ALJ erred by failing to have Plaintiff examined by both consultative medical and mental health professionals which resulted in a RFC determination based upon the opinions of non-examining medical consultants and the ALJ's own interpretation of the medical record. The Court disagrees. The ALJ has a basic obligation to develop the medical record, but the Plaintiff bears the burden of proving she is disabled and is responsible for producing evidence to support her claim. *See Stormo v. Barnhart,* 377 F.3d 801, 806 (8th Cir. 2004). Here, the record consists of the assessments of four non-examining medical consultants and Plaintiff's medical records which include progress notes from a general practitioner, a neurologist, and an endocrinologist. After reviewing it in its entirety, the Court finds the record before the ALJ contained the evidence required to make a full and informed decision regarding Plaintiff's capabilities during the relevant time period.  *See Haley v. Massanari,* 258 F.3d 742 at 749 (it is permissible for ALJ to issue decision without obtaining added medical evidence, so long as other evidence provides sufficient basis for ALJ's decision).

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 7th day of July 2022.

/s/ *Christy Comstock*

HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE